UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TRISURA SPECIALTY
INSURANCE COMPANY,**

        **Plaintiff,**

v.                                                                  Case No: 6:23-cv-454-PGB-LHP

**OFF THE TRAXX, LLC. and
CAITLIN LEEDS,**

        **Defendants/
Third Party
Plaintiff,**

**SAMANTHA NOEL and
KRISTIN REXFORD,**

        **Third Party
Defendants.**
_____/

## ORDER

This cause is before the Court upon *sua sponte* review of the file and Defendant Caitlin Leeds' ("**Defendant Leeds**") Rule 12(b)(1), (4), (5) & (e) Motion to Dismiss In Toto Or, Alternatively, Motion to Stay Count II In Part (Doc. 59 (the "**Motion to Dismiss**")). Upon consideration, the Motion to Dismiss is due to be granted in part and denied in part.

**I.     BACKGROUND**

Plaintiff initiated this suit over a year ago on March 13, 2023. (Doc. 1). A few months thereafter, the Court issued a Case Management and Scheduling Order

(Doc. 23 (the "**CMSO**")) setting forth various deadlines. Although the deadline to add parties or amend pleadings expired on May 23, 2023, the Court granted Plaintiff leave to file an amended complaint past the deadline. (Doc. 39). Accordingly, on October 13, 2023, Plaintiff filed the operative Amended Complaint, adding a new Defendant, Defendant Leeds, and a new claim for declaratory judgment. (Doc. 40). Now, Defendant Leeds moves to dismiss the Amended Complaint on various grounds. (Doc. 59). Plaintiff responded in opposition (Doc. 64), and the matter is ripe for review.

## II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), challenges to subject matter jurisdiction may come in two forms: "facial attacks" and "factual attacks." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). Facial attacks only require the court to determine if the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Id.* at 1529. As such, the allegations within the complaint are assumed true for the purposes of the motion. *Id.* On the other hand, factual attacks challenge the existence of subject matter jurisdiction irrespective of what the complaint alleges. *Garcia v. Copenhaver, Bell & Assocs., M.D's, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997). Accordingly, courts may consider information outside of the pleadings—including testimony, affidavits, and other evidence—and may make factual findings to resolve the motion. *McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).

### III. DISCUSSION

#### A. Motion to Dismiss

Defendant Leeds moves to dismiss the Amended Complaint on various grounds. (*See generally* Doc. 59). However, the Court will only address Defendant Leeds' argument regarding the sufficiency of Plaintiff's jurisdictional allegations.

Defendant Leeds' initially mounts a facial attack to subject matter jurisdiction pursuant to Rule 12(b)(1). (Doc. 59, pp. 4–6). Accordingly, Defendant Leeds argues that the Amended Complaint must be dismissed because of Plaintiff's failure to plead the requisite jurisdictional allegations. (*Id.*). As such, Defendant Leeds asserts that Plaintiff has not established a basis for diversity jurisdiction on the face of the Amended Complaint, and thus, the Court must dismiss the action for lack of subject matter jurisdiction. (*Id.*).

Federal courts are courts of limited jurisdiction, and are obligated, in every case, to "zealously insure [sic] that jurisdiction exists." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001); *see* U.S. CONST. art. III. § 2. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts maintain jurisdiction over two general types of cases: cases that "arise under federal law" and cases meeting the requirements for diversity jurisdiction. 28 U.S.C. §§ 1331–1332; *Home Depot U.S.A, Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). In a diversity action, as alleged here, courts must be sure that the citizenship of the

3

parties is completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

In the case at bar, the sole issue with regards to jurisdiction involves the existence of diversity among the parties. Thus, the Court tailors its analysis accordingly. Federal diversity jurisdiction requires complete diversity between the plaintiffs and the defendants. 28 U.S.C. § 1332; *Owen Equip. & Recreation Co. v. Kroger*, 437 U.S. 365, 373 (1978). To achieve "complete diversity," no plaintiff may be a citizen of the same state as any of the defendants. *Id.* For purposes of diversity jurisdiction, a limited liability company ("**LLC**") is a citizen of every state in which one of its members is located. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). As such, to sufficiently allege an LLC's citizenship, a party must list the citizenship of all the members of that entity. *See, e.g.*, *id.*

There are two Defendants now in this action: Defendant Leeds and Off the Traxx, LLC ("**Off the Traxx**" or "**OTT**"). With regards to OTT, the Amended Complaint alleges the following: "Off the Traxx is a Florida limited liability company, established under the laws of the state of Florida, with the principal's address in Cocoa, Brevard County, Florida. Off the Traxx is therefore a citizen of the State of Florida." (Doc. 40, ¶ 3). However, as Defendant Leeds points out and Plaintiff admits, the aforementioned allegations do not precisely allege OTT's citizenship considering OTT is an LLC, and Plaintiff failed to indicate the citizenship of each of OTT's members. (Doc. 59, pp. 4–6; Doc. 64, p. 5 ("Plaintiff

4

admits that the Amended Complaint inadvertently did not include the citizenship of each of OTT's members.")); *see, e.g.*, *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) ("When a plaintiff files suit in federal court, [it] must allege facts that, if true, show federal subject matter jurisdiction . . . exists. . . . Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency." (citations omitted)).

The reality is that in order to establish the diversity of parties, the requisite allegations regarding the citizenship of each member of the LLC should affirmatively appear on the face of the complaint. *See, e.g.*, *First Home Bank v. Net Zero LLC*, No. 3:20-CV-150-J-34MCR, 2020 WL 802518, at *2 (M.D. Fla. Feb. 18, 2020); *MBI Servs., LLC v. Apex Distrib. LLC*, No. 21-CV-20975, 2021 WL 980947, at *2 (S.D. Fla. Mar. 15, 2021); *Kersey v. Prudential Ins. Agency, LLC*, No. CV 15-14186-GAO, 2017 WL 5162006, at *6 (D. Mass. Feb. 3, 2017) ("[I]t is black-letter law that jurisdiction must be apparent from the face of the plaintiffs' pleading." (quotation omitted)). As such, in an abundance of caution and in strict compliance with federal pleading standards, the Court will allow repleader to permit Plaintiff to rectify the deficient jurisdictional allegations in the Amended Complaint.

## B. CMSO Deadlines

Upon *sua sponte* review of the file, the Court finds that compliance with the current CMSO may be impracticable. The CMSO was entered almost a year ago, on May 9, 2023. (Doc. 23). However, upon consideration of the circumstances, the Court authorized Plaintiff to file the operative Amended Complaint—adding new

5

issues and a new party—on October 13, 2023. (Doc. 40; *see* Doc. 39). Thus, Defendant Leeds was added as a party long after the CMSO was entered. Ultimately, Defendant Leeds appears to have been served on January 2, 2024. (Doc. 50).[1] Defendant Leeds' deadline to respond to the Amended Complaint was extended to on or before February 2, 2024—the date in which it filed the Motion to Dismiss addressed herein.

At this point, many deadlines set forth within the CMSO have already passed or are quickly approaching. Accordingly, considering the procedural history and current posture of this action, the Court notes that it will entertain a request to extend certain deadlines if the parties deem such relief necessary.

## IV.   CONCLUSION

For the aforementioned reasons, it is **ORDERED** as follows:

1. The Motion to Dismiss (Doc. 59) is **GRANTED IN PART AND DENIED IN PART**.

    a. The Motion to Dismiss is **GRANTED** to the extent that the Amended Complaint fails to sufficiently establish subject matter jurisdiction.

    b. The Motion to Dismiss is **DENIED AS MOOT** in all other respects.

2. On or before April 19, 2024, Plaintiff may file its second amended complaint in compliance with this Order and all applicable rules and

---

[1] The Court does not address the sufficiency of such service herein.

6

law. Thereafter, Defendants may file their respective answer or other responsive pleading on or before April 25, 2024.

3. Failure to timely comply with this Order may result in the dismissal of this action or other appropriate sanctions without further notice.

**DONE AND ORDERED** in Orlando, Florida on April 15, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

7