# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**TRISURA SPECIALTY**
**INSURANCE COMPANY,**

        Plaintiff,

v.

**OFF THE TRAXX, LLC. and**
**CAITLIN LEEDS,**

        Defendants/
        Third Party
        Plaintiffs.

**SAMANTHA NOEL and**
**KRISTIN REXFORD,**

        Third Party
        Defendants.

Case No: 6:23-cv-454-PGB-LHP

_____/

# ORDER

This cause comes before the Court on Defendant Caitlin Leeds' ("**Defendant**") Motion for Partial Judgment on the Pleadings for Count II. (Doc. 112 (the "**Motion**")). Plaintiff Trisura Specialty Insurance Company ("**Plaintiff**") has filed a response in opposition (Doc. 119 (the "**Response**")). Upon consideration of the briefing, the Motion is due to be denied.

First, Defendant asserts that the Court lacks jurisdiction or the authority under Article III of the United States Constitution to hear Count II of the Complaint. (Doc. 112, pp. 6–7). However, Defendant does not cite *any* caselaw in

support of these arguments. (*See id.*).¹ Accordingly, these arguments have not been established. *Cates v. Zeltiq Aesthetics, Inc.*, No. 6:19-CV-1670-ORL-40LRH, 2020 WL 13786612, at *5 (M.D. Fla. Mar. 11, 2020) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it.") (quotations omitted)).

Next, Defendant asserts various arguments going towards the merits of Count II. However, at this stage, the Court prefers to hear the merits of Count II during the bench trial set for February 26 and 27, 2026. Accordingly, the Court declines to dismiss Count II on the pleadings.

Accordingly, the Motion for Partial Judgment on the Pleadings for Count II (Doc. 112) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on December 17, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

¹ Defendant cites 28 U.S.C. § 1332(c)(1)(A) in support of Defendant's argument. However, Defendant cites the statute without any accompanying legal authority to support their interpretation of the statute's application.